UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00075-LLK

**BRIDGET R. WALSH**                                                                                   **PLAINTIFF**

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 21 and 28. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 13.

Because the ALJ's decision was supported by substantial evidence in the administrative record and was in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts**

Plaintiff was born in 1979. She alleges disability, in part, due to mental impairments caused by childhood sexual abuse.

At the administrative hearing, psychologist Robert Paul, Ph.D., found that Plaintiff suffers from "severe," or vocationally-significant, learning disabilities in reading and math, history of major depressive disorder, and post-traumatic stress disorder (PTSD). AR, p. 70. At the hearing, Dr. Paul completed the standard mental assessment form opining specific limitations resulting from these impairments. AR, pp. 607-608. The vocational expert identified a significant number of light jobs in the

1

national economy that may be performed by a person having the limitations identified by Dr. Paul.  AR, p. 75.

The ALJ was "fully persuaded" by Dr. Paul's opinion (ALJ's decision at AR, p. 18) and found that Plaintiff is limited to light work and mental restrictions that limit her to: "understand[ing], remember[ing], and carry[ing] out short, simple one-to-three step instructions.  [Plaintiff] should [also] have no contact with the public, and only brief superficial task oriented work with supervisors and coworkers.  The claimant is limited to thing-oriented work that has reduced task complexity, and work that is not fast-paced and work that does not have strict quotas."  ALJ's decision at AR, p. 13.

Plaintiff presents two contentions.

**The ALJ's list of Plaintiff's "severe" impairments, though possibly incomplete, did not constitute reversible error.**

The ALJ found that Plaintiff suffers from the following "severe," or vocationally-significant, impairments:  back disorder, hip disorder and learning disorder in reading and math.  ALJ's decision at AR, p. 11.

Plaintiff contends that the ALJ erred in failing to acknowledge that she also suffers from severe "Major Depressive Disorder, [PTSD], and Schizophrenic Disorder."  Fact and law summary, Docket 21, p. 7.

As to Plaintiff's alleged schizophrenic disorder, the ALJ acknowledged the diagnostic impression of licensed clinical psychologist Julie Hideg, Psy.D., to "Rule Out Schizophrenic Disorder."  ALJ's decision at AR, p. 16 referring to Dr. Hideg's narrative report at AR, p. 625.  This "rule out" diagnostic impression fell short of satisfying Plaintiff's burden of proving the actual existence of severe schizophrenia.  Alternatively, the ALJ gave valid reasons for giving "little weight" to Dr. Hideg's findings as a whole.  See ALJ's decision at AR, p. 18.

As to Plaintiff's allegedly-severe depressive disorder and PTSD, Dr. Paul recognized these impairments and assigned significant limitations resulting therefrom.  See Dr. Paul's testimony at AR, pp.

2

70-71. In accepting Dr. Paul's testimony (AR, p. 18), the ALJ implicitly acknowledged vocationally-significant limitations resulting from these impairments. Therefore, the ALJ adequately considered the limiting effects of all severe and non-severe impairments as a whole, and the ALJ's omission of these impairments in the decision's list of severe impairments was, at worst, harmless error. Maziarz v. Secretary, 837 F.2d 240, 244 (6th Cir. 1987); see also McGlothin v. Commissioner, 299 Fed.Appx. 516, 522 (6th Cir. 2008) (It is "legally irrelevant" that the ALJ found an impairment to be non-severe because he acknowledged other severe impairments and completed the evaluation process).

Plaintiff remarks, in passing, that the error of failing to identify her depressive disorder and PTSD as severe impairments was not harmless because "should the Plaintiff reapply for disability benefits, this finding will be res judicata." Docket 21, p. 7. Plaintiff apparently is alluding to the erroneous practice of some ALJ's (in cases involving prior applications for benefits) of requiring claimants to affirmatively demonstrate medical worsening or deterioration of their impairments to justify a more-limiting (Plaintiff-favorable) RFC than previously found. See, for example Brown v. Commissioner, 5:12-CV-00145, 2013 WL 1703885189 (W.D.Ky.) (While an ALJ may not find that a claimant has fewer restrictions than previously found absent an affirmative reason, the "corollary proposition [is not required], to-wit, the [ALJ] may … find greater restrictions absent evidence of medical worsening"). The possibility of prejudice upon reapplication for benefits does not render an otherwise harmless error harmful.

**The ALJ's credibility assessment was supported by substantial evidence.**

Plaintiff contends that the ALJ's credibility assessment is unsupported by substantial evidence.

A reviewing court is not in a position to second-guess an ALJ's credibility findings, particularly regarding subjective symptoms and complaints. Absent a compelling reason, a reviewing court should not disturb an ALJ's credibility findings. Smith v. Secretary, 307 F.3d 377, 379 (6th Cir. 2001). The rationale is, in part, that an ALJ's opportunity to observe the appearance and demeanor of a claimant during the hearing is invaluable and will not "lightly be discarded" by a reviewing court. Villarreal v.

Secretary, 818 F.2d 461, 463 (6th Cir. 1987). The notion that special deference is owed to a credibility finding by a trier of fact is deeply embedded in our laws. The opportunity to observe the demeanor of a witness, to evaluate what is said in light of how it is said, and to consider how it fits in with the rest of the evidence gathered is invaluable and should be given proper consideration. Beavers v. Secretary, 577 F.2d 383, 387 (6th Cir. 1978).

The ALJ accepted Plaintiff's complaints of limiting subjective symptoms to the extent of the ALJ's RFC finding (AR, p. 13), in part, because:

1. In June 2013, Pennyroyal Regional Mental Health-Mental Retardation Board therapist Kim Traylor, B.A., noted that Plaintiff had attended none of her scheduled appointments (and did not return phone calls) since November 2012. AR, p. 614. In June 2013, Plaintiff informed Ms. Traylor that she had applied for disability and asked Ms. Traylor to complete the mental-limitations questionnaire from Plaintiff's attorney. Id. See Social Security Ruling (SSR) 96-7p, 1996 WL 374186 (A claimant's testimony "may be less credible ... if the medical reports or records show that the individual is not following [her] treatment as prescribed"). Additionally, while Plaintiff admitted that Zoloft helps her depression, she stopped taking it. AR, p. 611.

2. While Plaintiff testified that "I just basically stay in the house" watching television while her boyfriend keeps her three children, she admitted that she goes shopping with him. AR, pp. 45, 46, 49 and 52. Allegations may be discounted to the extent they are incompatible with daily activities. SSR 96-7p, supra. Additionally, Plaintiff's testimony of doing virtually nothing "cannot be objectively verified with any reasonable degree of certainty"; and, even if it is true, her very limited activities may be due to "other reasons" – not her medical condition. ALJ's decision at AR, p. 14.

3. The results of the Minnesota Multiphasic Personality Inventory (MMPI) administered by Dr. Hideg indicate that Plaintiff may have exaggerated her symptoms. AR, p. 625. See Miller v. Commissioner, 3:15-CV-00294-DW, 2016 WL 154127 (W.D.Ky.) ("[P]sychological testing indicated a

tendency by Miller to over represent his symptoms, a conclusion that is directly supportive of [the ALJ's] adverse credibility determination").

4. In February 2012, Gary Maryman, Psy.D., examined Plaintiff and found that she can work with restrictions. AR, p. 324. Dr. Maryman's findings (like Dr. Paul's) are compatible with the ALJ's mental RFC findings (AR, p. 13).

While admittedly, none of these factors definitely prove that Plaintiff is <u>not</u> mentally disabled, they adequately support the ALJ's credibility assessment. See Blakley v. Commissioner, 581 F.3d 399, 406 (6th Cir. 2009) ("The substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). Plaintiff has identified no compelling reason for disturbing the ALJ's findings.

## ORDER

Therefore, the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.